MEDBY LAW, APLC
David M. Medby, State Bar No. 227401
  dmedby@medbylaw.com
2447 Pacific Coast Highway, Suite 200
Hermosa Beach, CA 90254
Telephone: (310) 698-8759
Facsimile: (424) 270-6294

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOMINGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>VRC COMPANIES, LLC; INTEGRITY DOCUMENT SOLUTIONS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, on behalf of himself and all others similarly situated, and alleges upon information and belief as follows:

## **INTRODUCTION**

1. Plaintiff brings this action for injunctive, declaratory and equitable relief, damages, restitution and/or disgorgement of profits, and additional relief as may be appropriate, on behalf of himself and all others similarly situated (the "Class" or "Class Members"), more specifically defined below, who were charged more than the allowable amounts under California Evidence Code section 1158 for requesting copies of their medical records from four years prior to the filing of this complaint.

## THE PARTIES

2. Plaintiff John Dominguez (hereinafter sometimes referred to as "Plaintiff") is and was at all times relevant hereto a resident and citizen of the State of California. John Dominguez brings this action by and through his attorney in fact John Dominguez, Jr.

3. Defendant VRC Companies, LLC (hereinafter VRC or VitalChart) is and was at all times relevant hereto a limited liability company organized and existing pursuant to the laws of the State of Delaware doing business under the fictitious business name VitalChart. VRC is and was at all times relevant hereto a citizen of Tennessee because its members are and were at all times relevant hereto citizens of Tennessee. VRC regularly and systematically injects itself into the commerce stream and does substantial, continuous and systematic business throughout the State of California, including in Los Angeles County. VRC is part of the information and document management services industry. VRC contracts with and/or provides services to hospitals, healthcare facilities, and other "medical providers" (as that term is defined in California Evidence Code section 1158), specifically by responding to and processing medical record requests from the patients of the medical providers for which VRC provides services.

4. Defendant Integrity Document Solutions, Inc. (hereinafter "IDS") is and was at all times relevant hereto a corporation organized and existing pursuant to the laws of the State of Nevada with its principal executive office in Nevada, and therefore is and was at all times relevant hereto a citizen of Nevada. IDS regularly and systematically injects itself into the commerce stream and does substantial, continuous and systematic business throughout the State of California, including in Los Angeles County. IDS is part of the information and document management services industry. IDS contracts with and/or provides services to hospitals, healthcare facilities, and other "medical providers" (as that term is defined in California Evidence Code section 1158), specifically by responding to and processing medical record requests from the patients

of the medical providers for which IDS provides services .

5. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names Does 1-10, inclusive.

6. The true names, identities and capacities of Defendants Does 1 through 10, inclusive, whether individual, associate, corporate or otherwise, are unknown to Plaintiff at this time, who therefore sues said Defendants by fictitious names. When the true names and capacities of the fictitiously-designated Defendants are ascertained, Plaintiff will amend this Complaint to insert their true names, identities and capacities, together with the proper charging allegations. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a Doe is responsible in some actionable manner for the events and happenings herein alleged and thereby directly and legally responsible for causing the injuries and damages to the Plaintiff, as hereinafter set forth (hereinafter VRC, IDS, and Does 1-10 collectively shall be referred to as "Defendants").

7. At all times herein mentioned, Defendants, and each of them, were the agents, alter egos, servants, joint venturers, or employees of, and acted with the consent of said Co-Defendants, and as such, acted within the course, purpose and scope of said agency, service or employment and said conduct was ratified by Defendants, and each of them.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because they derive from a common nucleus of operative facts.

10. The United States District Court for the Central District of California has personal jurisdiction over both VRC and IDS (collectively "Defendants") because each

of the Defendants is a business entity conducting substantial, continuous, and systematic business throughout the State of California, including in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

11. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff was a patient at PIH Health Hospital – Whittier ("PIH") in 2019 and in March 2020. Thereafter, Plaintiff engaged an attorney ("Plaintiff's attorney") for representation in a potential lawsuit.

13. Plaintiff's attorney requested Plaintiff's medical records from PIH on behalf of Plaintiff on March 17, 2020, and again on November 2, 2020. Included with each request for records was a valid authorization form signed by Plaintiff's attorney in fact. Each request specifically asked for electronic copies of Plaintiff's records if they were maintained electronically or to copy Plaintiff's records if they were not maintained electronically.

14. On November 13, 2020, Plaintiff's attorney received via facsimile an authorization form from IDS which stated that it was the agent of PHI for purposes of the release of medical records and that electronic versions of the requested records were available for $32.00 plus $0.35 per page. The authorization further advised that the request would not be processed until Plaintiff's attorney signed and returned the authorization form, which would require Plaintiff's attorney to pay the fee of $32.00 plus $0.35 per page for Plaintiff's records, and which would designate IDS as Plaintiff's attorney's "representative to photocopy all requests for medical records submitted to California Medical Facilities in which IDS provides copy service." The authorization form states in relevant part:

Your firm has requested copies of medical records for a patient from

**PIH Health Hospital – Whittier**. Integrity Document Solutions, Inc. ("IDS"), is contracted to provide on-site release of information ("ROI") services at this facility. Under California Evidence Code 1158, California healthcare facilities **are not** obligated to copy medical records pursuant to release of information requests. You may retain your own copy service vendor to copy your requests. However, we would like to suggest that you designate our firm, IDS, as your representative to copy all of your requests for medical records at this facility and all facilities that IDS is contracted to provide ROI services for.
**If you wish to expedite this current request and have IDS fulfill all of your future requests at this and all Medical Facilities where IDS provides on-site copy services, please take a moment to complete the information requested below.**
IF WE DON'T RECEIVE YOUR AUTHORIZATION WITHIN SEVEN (7) DAYS FROM TH DATE OF THIS FAX, WE WILL ASSUME THAT YOU ARE SENDING YOUR OWN COPY SERVICE TO OBTAIN YOUR COPIES AND YOUR REQUEST(S) WILL BE CANCELED.
*AUTHORIZATION OF IDS FEES TO COPY MEDICAL RECORDS*
***Patients CANNOT sign this Authorization***
This firm (named below) hereby designates IDS as its representative to photocopy all requests for medical records submitted to California Medical Facilities in which IDS provides copy services. We acknowledge that this authorization remains valid until it is rescinded by written notice. We understand IDS processing rates (described below) and agree to reimburse ID for such charges within 15 days from invoice date. We understand that IDS will process requests costing less than $200 (or $_____) without prior approval from the firm. **NOTE: We agree to be responsible for reimbursement of the full fee once processing has begun on a request**.

| | |
|---|---|
| Documents Delivered Electronically | $32.00 plus $0.35 per page |
| Documents Printed to Paper | $30.00 plus $0.35 per page |
| Documents Copied to CD-R | $40.00 plus $0.35 per page |
| U.S. Postage | Actual |
| CA Sales Tax | Actual |

(bold, italics, and caps in original). The IDS authorization form provided no explanation of the actual amount of time spent identifying, collecting, and/or making electronic copies of the billing records available on Defendants' e-delivery website, if any.

15. The costs set forth in the IDS authorization form as alleged hereinabove violate the cost limitations set forth in Evidence Code section 1158, which mandate that only reasonable actual costs may be charged when an attorney orders medical records in advance of litigation. Specifically, Evidence Code section 1158 states in relevant part:

(e)(1) All reasonable costs incurred by a medical provider in making

5
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

patient records available pursuant to this section may be charged against the attorney who requested the records.

(2) "Reasonable cost," as used in this section, shall include, but not be limited to, the following specific costs: ten cents ($0.10) per page for standard reproduction of documents of a size 8 ½ by 14 inches or less; twenty cents ($0.20) per page for copying of documents from microfilm; actual costs for the reproduction of oversize documents or the reproduction of documents requiring special processing which are made in response to an authorization; reasonable clerical costs incurred in locating and making the records available to be billed at the maximum rate of sixteen dollars ($16) per hour per person, computed on the basis of four dollars ($4) per quarter hour or fraction thereof; actual postage charges; and actual costs, if any, charged to the witness by a third person for the retrieval and return of records held by that third person.

16. The costs set forth in the IDS authorization form as alleged hereinabove also violate the cost limitations as set forth in Evidence Code section 1158 as it relates to providing electronic copies of medical records if such records are maintained electronically. Evidence Code section 1158 specifically provides that such electronic copies shall be provided upon request at no cost to the requesting party. Evidence Code section 1158 states in relevant part:

(g) If the records requested pursuant to subdivision (b) are maintained electronically and if the requesting party requests an electronic copy of such information, the medical provider shall provide the requested medical records in the electronic form and format requested by the requesting party, if it is readily producible in such form and format, or, if not, in a readable form and format as agreed to by the medical provider and the requesting party. (Evid. Code, § 1158, subd. (g).)

17. Because the costs contained in the IDS authorization form exceed and therefore violate the cost limitations set forth in Evidence Code section 1158, Plaintiff's attorney did not sign and return the authorization form to IDS. Instead, on November 16, 2020, Plaintiff's attorney drafted and sent a formal complaint to the California Department of Public Health regarding PIH and IDS' violations of the cost limitations of Evidence Code section 1158. Plaintiff's counsel also sent copies of this formal complaint to both PIH and IDS.

18. In response to Plaintiff's counsel's formal complaint made to the California Department of Public Health, on November 17, 2020, Plaintiff's counsel received a voicemail message from a representative of Defendants wherein the

representative of Defendants informed Plaintiff's counsel that Defendants had received Plaintiff's counsel's complaint and as a result would be sending Plaintiff's counsel a new invoice for Plaintiff's medical records containing a lower cost to obtain the records.

19. Also on November 17, 2020, Plaintiff's counsel received via facsimile an invoice from VRC in the amount of $15.00 to access only Plaintiff's billing records via electronic delivery (even though Plaintiff's attorney had requested all Plaintiff's medical records and had not limited the request to billing records). The invoice stated in relevant part:

> This is the invoice for the medical records you requested from PIH Health Hospital - Whittier. Your records have been placed on the VRC/TRIMSNet e-Delivery website for electronic delivery at the above URL. You will need the invoice/tracking number and download code printed on this sheet as well as the patient's last name.

The invoice provided no explanation of the actual amount of time spent identifying, collecting, and/or making electronic copies of the billing records available on Defendants' e-delivery website, if any.

20. Needing to expeditiously obtain these records on Plaintiff's behalf, Plaintiff's counsel paid the $15.00 invoice and downloaded electronic copies of Plaintiff's PIH billing records from Defendants' e-delivery website.

21. On or about November 27, 2020, Plaintiff's attorney received a telephone call from a representative of the California Department of Public Health regarding Plaintiff's counsel's formal complaint against IDS and PIH. Plaintiff's counsel answered all of the representative's questions and informed the representative that Plaintiff's counsel had only been provided access to Plaintiff's billing records, not the entirety of Plaintiff's medical records, at a cost which Plaintiff's counsel believed still exceeded the cost limitations set forth in Evidence Code section 1158 relating to the provision of electronic copies of medical records.

22. On November 29, 2020, Plaintiff's counsel received via facsimile an

invoice from VRC for a $25.00 "Process fee" to access the remainder of Plaintiff's medical records via electronic delivery. The invoice provided no explanation of the actual amount of time spent identifying, collecting, and/or making electronic copies of the billing records available on Defendants' e-delivery website, if any.

23. Needing to expeditiously obtain these records on Plaintiff's behalf, Plaintiff's counsel paid the $25.00 invoice and downloaded electronic copies of Plaintiff's PIH medical records from Defendants' e-delivery website.

24. Neither Plaintiff nor Plaintiff's attorney hired Defendants as their agents.

25. Neither Plaintiff nor Plaintiff's attorney voluntarily consented to Defendants' charges.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this lawsuit as a class action on behalf of herself and all other similarly situated members of the Class defined below. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of class actions. The Class is defined as follows:

Subclass One

All patients, guardians or conservators of adult patients (or of the adult patient's estate), parents or guardians of minor patients, personal representatives or heirs of deceased patients, attorneys, or law firms who: (1) requested medical records in a format other than electronic format from a "medical provider" (as defined in California Evidence Code section 1158) located in California; (2) (i) through an attorney at law or his/her representative or (ii) as an attorney at law or through such attorney's representative pursuant to a signed authorization (but in the case of 2(ii), only if such attorney paid for and was not reimbursed for the applicable charges); (3) prior to litigation; and (4) were charged by Defendants and paid more than: (a) ten cents ($0.10) per page for reproduction of medical records 8½ x 14 inches or less, (b) twenty cents ($0.20) per page for reproduction of medical records from microfilm, (c) $16.00 per hour (computed on the basis of four dollars per quarter hour or fraction thereof) for

8
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

clerical costs, (d) actual postage charges, (e) actual costs charged by a third person, (f) and/or "reasonable cost" (as defined in Evidence Code section 1158), from four years prior to the filing of this action.

Subclass Two

All patients, guardians or conservators of adult patients (or of the adult patient's estate), parents or guardians of minor patients, personal representatives or heirs of deceased patients, attorneys, or law firms who: (1) requested medical records in a format other than electronic format from a "medical provider" (as defined in California Evidence Code section 1158) located in California; (2) (i) through an attorney at law or his/her representative or (ii) as an attorney at law or through such attorney's representative pursuant to a signed authorization; (3) prior to litigation; (4) were charged by Defendants more than: (a) ten cents ($0.10) per page for reproduction of medical records 8½ x 14 inches or less, (b) twenty cents ($0.20) per page for reproduction of medical records from microfilm, (c) $16.00 per hour (computed on the basis of four dollars per quarter hour or fraction thereof) for clerical costs, (d) actual postage charges, (e) actual costs charged by a third person during the Class Period, (f) and/or "reasonable cost" (as defined in Evidence Code section 1158); and (5) expended funds independently of this litigation to combat Defendants' non-compliance with the cost limitations of Evidence Code section 1158, from four years prior to the filing of this action.

Subclass Three

All patients, guardians or conservators of adult patients (or of the adult patient's estate), parents or guardians of minor patients, personal representatives or heirs of deceased patients, attorneys, or law firms who: (1) requested medical records in electronic format from a "medical provider" (as defined in California Evidence Code section 1158) located in California who maintained such records electronically; (2) (i) through an attorney at law or his/her representative or (ii) as an attorney at law or through such attorney's representative pursuant to a signed authorization; (3) prior to

litigation; (4) were charged by Defendants and paid any monetary sum to Defendants, from four years prior to the filing of this action.

Subclass Four

All patients, guardians or conservators of adult patients (or of the adult patient's estate), parents or guardians of minor patients, personal representatives or heirs of deceased patients, attorneys, or law firms who: (1) requested medical records in electronic format from a "medical provider" (as defined in California Evidence Code section 1158) located in California who maintained such records electronically; (2) (i) through an attorney at law or his/her representative or (ii) as an attorney at law or through such attorney's representative pursuant to a signed authorization; (3) prior to litigation; (4) were charged any monetary sum by Defendants and (5) expended funds independently of this litigation to combat Defendants' non-compliance with the cost limitations of Evidence Code section 1158, from four years prior to the filing of this action.

27. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its/their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and (3) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

**Numerosity (Fed. R. Civ. P. 23(a)(1))**

28. The Class is comprised of tens of thousands, if not hundreds of thousands, of individuals who were overcharged for the retrieval, copying, and/or access to electronic copies of their medical records, making joinder impracticable.

**Commonality (Fed. R. Civ. P. 23(a)(2))**

29. Common questions of law and fact exist as to members of the Class, including but not limited to the following:

    a.    Whether Defendants' conduct violated California Evidence Code

10
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

section 1158;

      b.    Whether Defendants' conduct violated California Business and Professions Code section 17200, et seq.;

      c.    Whether Defendants' conduct violated California Civil Code section 1750, et seq.

      d.    Whether Plaintiff and the Class are entitled to equitable relief, and, if so, the nature of such relief; and

      e.    Whether compensatory and other damages should be awarded to Plaintiff and Class members.

### Typicality (Fed. R. Civ. P. 23(a)(3))

35.    Plaintiff's claims are typical of Class Members' claims. Plaintiff, like all Class members, was overcharged for the retrieval, copying, and/or access to electronic copies of his medical records and has suffered injury as a result.

36.    Moreover, the factual bases of Defendants' misconduct are common to all Class members, and Defendants' actions resulted in injury to all members of the class.

### Adequacy of Representation (Fed. R. Civ. P. 23(a)(4), (g))

37.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff does not have any interests that are antagonistic to the Class that he seeks to represent.

38.    Plaintiff has retained counsel competent and experienced in complex class actions, in actions involving California Evidence Code section 1158, in actions involving the California Unfair Competition Law and the California Consumers Legal Remedies Act, and in protecting vulnerable elderly and infirm adults such as Plaintiff and members of the Class. Plaintiff's counsel has litigated numerous class actions asserting violations of the California Unfair Competition Law, the California Consumers Legal Remedies Act, and other state and federal statutes. Plaintiff's counsel intends to commit, and has, the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

**Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))**

39. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform practices unlawfully charge Class Members amounts which exceed the cost limitations of California Evidence Code section 1158. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40. Plaintiff intends to send notice to all Class Members consistent with the requirements of Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**(Violations of California Evidence Code section 1158)**

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

43. California Evidence Code section 1158 provides in pertinent part:

(a) For purposes of this section, "medical provider" means physician and surgeon, dentist, registered nurse, dispensing optician, registered physical therapist, podiatrist, licensed psychologist, osteopathic physician and surgeon, chiropractor, clinical laboratory bioanalyst, clinical laboratory technologist, or pharmacist or pharmacy, duly licensed as such under the laws of the state, or a licensed hospital.

(b) Before the filing of any action or the appearance of a defendant in an action, if an attorney at law or his or her representative presents a written authorization therefor signed by an adult patient, by the guardian or conservator of his or her person or estate, or, in the case of a minor, by a parent or guardian of the minor, or by the personal representative or an heir of a deceased patient, or a copy thereof, to a medical provider, the medical provider shall promptly make all of the patient's records under the medical provider's custody or control available for inspection and copying by the attorney at law or his or her representative.

(c) Copying of medical records shall not be performed by a medical provider, or by an agent thereof, when the requesting attorney has employed a professional photocopier or anyone identified in Section 22451 of the Business and Professions Code as his or her representative

to obtain or review the records on his or her behalf. The presentation of the authorization by the agent on behalf of the attorney shall be sufficient proof that the agent is the attorney's representative.

(d) Failure to make the records available during business hours, within five days after the presentation of the written authorization, may subject the medical provider having custody or control of the records to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce this section.

(e)(1) All reasonable costs incurred by a medical provider in making patient records available pursuant to this section may be charged against the attorney who requested the records.

(2) "Reasonable cost," as used in this section, shall include, but not be limited to, the following specific costs: ten cents ($0.10) per page for standard reproduction of documents of a size 8 ½ by 14 inches or less; twenty cents ($0.20) per page for copying of documents from microfilm; actual costs for the reproduction of oversize documents or the reproduction of documents requiring special processing which are made in response to an authorization; reasonable clerical costs incurred in locating and making the records available to be billed at the maximum rate of sixteen dollars ($16) per hour per person, computed on the basis of four dollars ($4) per quarter hour or fraction thereof; actual postage charges; and actual costs, if any, charged to the witness by a third person for the retrieval and return of records held by that third person.

(f) If the records are delivered to the attorney or the attorney's representative for inspection or photocopying at the record custodian's place of business, the only fee for complying with the authorization shall not exceed fifteen dollars ($15), plus actual costs, if any, charged to the record custodian by a third person for retrieval and return of records held offsite by the third person.

(g) If the records requested pursuant to subdivision (b) are maintained electronically and if the requesting party requests an electronic copy of such information, the medical provider shall provide the requested medical records in the electronic form and format requested by the requesting party, if it is readily producible in such form and format, or, if not, in a readable form and format as agreed to by the medical provider and the requesting party.

44. Defendants, and each of them, violated California Evidence Code section 1158 when they overcharged Plaintiff and members of the Class. Specifically, Defendants illegally charged as follows:

| | |
|---|---|
| Documents Delivered Electronically | $32.00 plus $0.35 per page |
| Documents Printed to Paper | $30.00 plus $0.35 per page |
| Documents Copied to CD-R | $40.00 plus $0.35 per page |
| U.S. Postage | Actual |
| CA Sales Tax | Actual |

45. As a direct and proximate cause of Defendants' violation of California Evidence Code section 1158, Plaintiff and the Class have suffered economic harm.

46. Plaintiff, on behalf of himself and all others similarly situated, demands

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

judgment against Defendants for monetary, incidental and consequential damages, injunctive relief, attorneys' fees, costs and interest.

## SECOND CLAIM FOR RELIEF
### (Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200, et seq.)

47. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

48. California Business and Professions Code section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."

49. Defendants' conduct, as described above, is unlawful under California Evidence Code section 1158.

50. Defendants have violated and continue to violate the Unfair Competition Law by overcharging individuals for retrieval, copying, and/or access to electronic copies of medical records in California.

51. As a direct and proximate cause of Defendants' violation of the Unfair Unfair Competition Law, Plaintiff and the Class have suffered injury in fact and lost money in that they paid more for their medical records than allowable under California Evidence Code section 1158 and/or expended funds independently of this litigation to combat Defendants' non-compliance with the cost limitations of Evidence Code section 1158.

52. Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendants for injunctive relief in the form of restitution, and/or proportional disgorgement of funds paid by Plaintiff and Class Members in excess of the allowable amounts under California Evidence Code section 1158.

53. These practices and regulatory violations alleged hereinabove constitute unfair, unlawful, and fraudulent business practices within the meaning of Business and Professions Code section 17200, et seq.

# THIRD CLAIM FOR RELIEF
## (Violations of California Consumers Legal Remedies Act, Cal. Civ. Code, § 1750, et seq.)

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

55. Defendants' conduct, as described above, is unlawful under California Evidence Code section 1158. As a result, Defendants have violated and continue to violate the Consumers Legal Remedies Act, California Civil Code section 1770, et seq. in at least the following respects: in violation of section 1770(a)(14), the Defendants' acts and practices in violation of California Evidence Codes section 1158 constitute misrepresentations that the transaction of obtaining medical records from Defendants conferred or involved rights, remedies, or obligations which the transaction did not have or involve, or which was prohibited by law.

56. Pursuant to California Civil Code section 1782, in conjunction with the filing of this complaint, Plaintiff will notify Defendants in writing of the asserted violations of California Civil Code section 1770 and demand that Defendants rectify the conduct described above.

57. If Defendants fail to take appropriate corrective or remedial action or fail to agree to take such action within thirty days after receipt of the notice, Plaintiff will amend this complaint to request actual damages, plus punitive damages, interest and attorneys' fees. Pursuant to California Civil Code section 1782(2), plaintiff seeks an order enjoining the above-described wrongful acts and practices of Defendants, plus costs and attorneys' fees, and any other relief which the Court deems proper.

58. Certain members of the class are "senior citizens" as defined by California Civil Code section 1761(f) and meet the requirements of California Civil Code section 1780(b) to each be entitled to an award of $5,000 in addition to the other remedies available under the CLRA.

59. Defendants' conduct as alleged herein was, and is, malicious, oppressive

and/or fraudulent.

**WHEREFORE**, plaintiff prays for judgment as follows:

1. For a Court order certifying that the action may be maintained as a class and/or representative action.
2. For an injunction, requiring that Defendants comply fully with the cost provisions of California Evidence Code section 1158.
3. For attorneys' fees and costs as allowed by law according to proof at the time of trial.
4. For restitution of Plaintiff and class member property as allowed by law.
6. For punitive damages as otherwise allowed by law.
7. For civil penalties for "senior citizens" and "disabled persons" in the amount of $5,000 for each class member who is a "senior citizen" or "disabled person" pursuant to California Civil Code section 1780(b).
8. For treble damages pursuant to California Civil Code section 3345.
9. For such other and further relief as the Court may deem just and proper.

DATED: December 15, 2020      **MEDBY LAW, APLC**

By:  /s/ David M. Medby
David M. Medby
dmedby@medbylaw.com
2447 Pacific Coast Highway, Suite 200
Hermosa Beach, CA 90254
(310) 698-8759
Attorneys for Plaintiff and Putative Class

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: December 15, 2020         **MEDBY LAW, APLC**

By: __/s/ David M. Medby__
David M. Medby
dmedby@medbylaw.com
2447 Pacific Coast Highway, Suite 200
Hermosa Beach, CA 90254
(310) 698-8759
Attorneys for Plaintiff and Putative Class